**UNITED STATES ex rel. William ROBINSON, Petitioner,**

v.

**John T. DEEGAN, Warden of Auburn Prison, Auburn, New York, Respondent.**

**No. 70 Civ. 3000.**

United States District Court,
S. D. New York.

Aug. 13, 1970.

William Robinson, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, for respondent; John G. Proudfit, Asst. Atty. Gen., of counsel.

METZNER, District Judge:

The petitioner for a writ of habeas corpus alleges that a five-month delay between the commission of the criminal acts of which he was convicted and the time of his arrest denied him his rights to a speedy trial and to due process of law under the Sixth and Fourteenth Amendments.

The petitioner was convicted by the Supreme Court of New York County of selling heroin to an undercover agent on January 10, 1966 and again on January 14, 1966. He was indicted on April 14, 1966, and a "wanted card" for his arrest was filed on April 25, 1966. On June 1, 1966 petitioner was arrested in Manhattan on an unrelated charge, and the next day, while he remained in prison, a warrant was lodged against him on the April 14 indictment. He was arraigned on this latter charge on June 16, 1966.

The petitioner has clearly exhausted his state remedies. The trial court conducted a full hearing on his claim before denying it. Petitioner unsuccessfully appealed this ruling. People v. Robinson, 32 A.D.2d 612, 300 N.Y.S.2d 283 (1st Dept.1969), leave to appeal denied, October 10, 1969.

This circuit has indicated that delay between the commission of a crime and a suspect's arrest which falls within the limitations period of the crime may nonetheless be the basis of a Sixth or Fourteenth Amendment claim. It appears that a petitioner, to be successful in his application, must show both unreasonable delay and significant prejudice to his defense. United States v. Parrott, 425 F.2d 972 (2d Cir. 1970); United States v. Scully, 415 F.2d 680, 683 (2d Cir. 1969); United States v. Feinberg, 383 F.2d 60 (2d Cir. 1967), cert. denied, 389 U.S. 1044, 88 S.Ct. 788, 19 L.Ed.2d 836 (1968).

To establish prejudice in this case, petitioner claims that he has no recollection of his activities on January 10 and 14, 1966. To establish unreasonable delay, he argues that the police made only token efforts to locate him and intentionally delayed his arrest. For both propositions he relies on Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965), where it was held that a conscious and purposeful delay of seven months in indicting the defendant, in order to protect the usefulness of an undercover agent, denied defendant due process of law. The prejudice in that case was also loss of memory, and the factual circumstances resembled the ones present here.

It is not clear whether the *Ross* case would be followed in this circuit. A purposeful delay of eleven months to protect an undercover agent was approved in United States v. Simmons, 338 F.2d 804, 806 (2d Cir. 1964), cert. denied, 380 U.S. 983, 85 S.Ct. 1352, 14 L.Ed.2d 276 (1965). Assuming *Ross* does govern, petitioner is still not entitled to relief. The trial court ruled after a full and fair hearing that there was not purposeful delay. The evidence adduced at the hearing fairly supports his conclusion. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The fairness of the state hearing is challenged because the court refused to disclose the names of informers whom the police officer had contacted in seeking information about petitioner. This ruling was proper. McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). The hearing was devoted to a collateral matter, not to questions of innocence or guilt. The testimony of the informers would have been of minor significance in any case. Nothing they could have revealed could have established what petitioner had to show, i. e., that the police purposely caused the delay in this case.

The application is denied. So ordered.